UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL REID, | : CIVIL ACTION NO. 3:CV-11-0372 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| MARY SABOL, Warden, et al., | : |
| Respondents | : |

**MEMORANDUM AND ORDER**

Petitioner, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks immediate release from ICE. (Doc. 1, petition). For the reasons set forth below, the Court will summarily dismiss the petition. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).[1]

I.   **Background**

---

[1] Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."
  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

This Court takes judicial notice of the docket and this Court's January 31, 2011 Memorandum and Order dismissing Petitioner's prior case, see Reid v. Sabol, Civil No. 3:10-CV-02357 (M.D. Pa. 2010), which reveals the following procedural and factual background:

> Petitioner, a native and citizen of Jamaica, entered the United States on September 6, 1976, through the Miami, Florida airport, as a Temporary Worker for the New England Apple Council.
>
> On July 2, 1986, Reid adjusted his status to that of a Lawful Permanent Resident.
>
> On August 5, 2003, Reid was convicted by the Franklin County Court of Common Pleas for Possession of Marijuana, a violation of 35 P.S. § 780-113(a)(31). He was sentenced to two months probation.
>
> On August 28, 2008, Reid was convicted in the Franklin County Court of Common Pleas to Possession with Intent to Deliver Crack Cocaine, in violation of 35 P.S. § 780-113(a)(30). He was sentenced to twelve (12) to sixty (60) months imprisonment.
>
> On December 17, 2009, Reid was taken into ICE custody and charged with removability pursuant to:
>
> • section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code;
>
> • section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of single scheme of criminal misconduct;
>
> • section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving

possession for one's own use of 30 grams or less of marijuana.

Reid first appeared before the Immigration Court on April 20, 2010, at which time the Immigration Judge ordered Reid removed to Jamaica. No notice of appeal was filed. Thus, Reid's removal order became final on May 21, 2010.

On August 18, 2010, Reid received his ninety day custody review and in a Decision to Continue Detention issued thereafter, ICE determined the following:

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You entered that United States at Miami, FL on September 6, 1976 as a temporary non-immigrant worker. You then adjusted your status to that of a Legal Permanent Resident on July 2, 1986. You were encountered by Immigration and Customs Enforcement (ICE) on December 15, 2009 at the Pennsylvania Department of Corrections - Camp Hill, while serving your sentence after being convicted of an Aggravated Felony, to wit: Possession with the Intent to Deliver/Distribute-Cocaine. On December 17, 2009 you were issued a Notice to Appear and placed in Removal Proceedings. On April 20, 2010 you were ordered removed from the United States to Jamaica by an Immigration Judge (IJ). You reserved the right to appeal the IJ's decision. Your appeal was due no later than May 20, 1010, however, there is no record than an appeal was ever filed. Your final order of removal date is May 21, 2010.

A travel document request has been submitted for your return to Jamaica and a travel document is likely to be issued. Due to your pending Travel Document, your criminal history and your limited ties to the community you can be categorized as a flight risk.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other

> documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. Section 1253(a).
>
> If you have not been released or removed from the United States by November 17, 2010, jurisdiction of the custody decision in your case will be transferred to the Headquarters Case Management Unit (HQCMU), Potomac Center North, 500 12th Street SW, Washington, DC 20024. HQCMU will make a final determination regarding your custody.
>
> (Doc. 9, Ex. 6, Decision to Continue Detention). Reid was served with a copy of the Decision to Continue Detention on August 19, 2010.
>
> On November 15, 2010, Reid filed the instant petition for writ of habeas corpus. (Doc. 1, petition). Reid claims that because the "removal efforts both have passed for 90-days and six-months presumptively reasonable period for continued removal have passed" and "respondents are unable to remove petition", Petitioner is entitled to "immediate release."
>
> On November 26, 2010, Reid received his second ninety day custody review. This decision, conducted by the HQCMU, informed Reid that he would that he would remain in ICE custody in light of his convictions, the order of removal which became final on May 21, 2010, ICE's attempts to obtain a travel document from the Jamaican Consulate, and ICE's expectation that his removal will occur in the reasonably foreseeable future.

Id. at (Doc. 13, pp. 1-4). By Memorandum and Order dated January 31, 2011, this Court denied Reid's petition for writ of habeas corpus, finding that Reid had not established that there was a significant likelihood that his removal would not occur in the reasonably foreseeable future. See Reid v. Sabol, Civil No. 3:10-CV-02357 (M.D. Pa. 2010).

On February 28, 2011, Petitioner filed the instant petition for writ of habeas corpus, again seeking immediate release based on the claim that he has been held beyond the six month presumptively reasonable period and respondents are unable to remove him. (Doc. 1, petition).

**II.     Discussion**

> Section 2241 of Title 28 of the United States Code provides in relevant part:
>
> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
> ...
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

Section 2244(a) of Title 28 of the United States Code provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). The Third Circuit has held that, since § 2244(a) by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States, that section bars successive § 2241 petitions directed to the same issues in regard to execution of a sentence. See Queen v. Miner, 530 F.3d 253 (3d Cir. 2008); accord Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998). Moreover, since the "abuse of the writ" doctrine addressed in McCleskey v. Zant, 499 U.S. 467, 494-95 (1991), governs sequential § 2241 filings, see Zayas v. Immigration & Naturalization Service, 311 F.3d 247, 256-58 (3d Cir. 2002), "a [§ 2241] petitioner may not raise new claims that could have been resolved in a previous [§ 2241] action." Queen, 530 F.3d at 255.[2]

---

[2]Under the abuse of the writ doctrine, a federal court "may not reach the merits of: (a) successive claims that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an abuse of the writ,"

In this case, the instant § 2241 petition presents the identical claims that were previously dismissed on the merits by this Court. Since a court of the United States has determined that petitioner's detention is legal in prior § 2241 proceedings, § 2244(a) bars this Court from again entertaining Petitioner's challenge under § 2241. Under these circumstances, the Court will dismiss the instant § 2241 Petition as barred by § 2244(a) and the abuse of the writ doctrine.

An appropriate Order accompanies this Memorandum Opinion.

Dated: March 21, 2011

United States District Judge

---

unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice. <u>Sawyer v. Whitley</u>, 505 U.S. 333, 338 (1992).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL REID, | : CIVIL ACTION NO. 3:CV-11-0372 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| MARY SABOL, Warden, et al., | : |
| Respondents | : |

## ORDER

**AND NOW, THIS 21ˢᵗ DAY OF MARCH, 2011**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

2. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** only for the purpose of filing the petition.

3. The Clerk of Court is directed to **CLOSE** this case.

*[signature]*
**United States District Judge**